### In re PHILIP A. SINGER & BRO., Inc.
(four cases).

### Nos. 7313–7316.

Circuit Court of Appeals, Third Circuit.

June 11, 1940.

Rehearing Denied Oct. 18, 1940.

Abraham Alboum, of Newark, N. J., for appellants.

Robert F. Darby and Richard J. Congleton, both of Newark, N. J., for appellee.

Before BIGGS, CLARK, and BUFFINGTON, Circuit Judges.

BIGGS, Circuit Judge.

Philip A. Singer & Bro., Inc., filed a petition for reorganization, pursuant to the provisions of Chapter 10 of the Bankruptcy Act, Act of July 1, 1898, c. 541, Sec. 101 et seq., as added June 22, 1938, c. 575, Sec. 1, 52 Stat. 883–905, 11 U.S.C.A. 501 et seq. The appellants are employees of that company who have filed claims for wages based upon an alleged agreement which arose under the following circumstances:. The debtor encountered financial difficulties. Singer, its president, gave orders to Fertell, its general manager and superintendent, to cut the salaries of all employees in half. Fertell ordered Villani, a foreman and one of the claimants-appellants, to inform the employees that it was necessary to cut their salaries. Villani so informed the employees, including the other claimants-appellants. Salaries accordingly were cut.

Disagreement arises by reason of the fact that it is not quite clear what Villani told the employees when he acted upon Fertell's order. The appellants contend that Villani was the duly authorized agent of the debtor for dealing with its employees, that the agreement made by Villani with the employees on behalf of the debtor was that they were presently to receive one-half of their salaries but the remaining half was to be paid at a later date. Singer testified that he told Fertell to tell the employees that their salaries would be cut in half and the other half would be paid only if business got better. Fertell testified that he gave this information to Villani with instructions to so inform the employees. Villani testified that he told the employees that though their salaries would be cut in half, the remaining half would be paid at some future date, and that he omitted the qualification as to the improvement of the debtor's business. The special master found that Singer was truthful when he testified as to what he had told Fertell. The appellants contend, however, that if Villani was the authorized agent of the debtor to arrange the pay cut, the debtor is bound by what Villani said and did.

If Singer's testimony be accepted as the truth, it is apparent that Villani did not act within the scope of his authority in informing the employees that the sums lost by the pay cut would be restored to them at a future date without referring to the condition that such restoration depended upon improvement in the debtor's business. The issue always remains one of fact, however, and in our opinion the trier of the facts was at liberty to disregard the whole or any part of Villani's testimony and to find as he did, that Fertell himself told the appellants Caponigri, Tortoriello and Viola of the pay cut and the condition placed by Singer upon the restoration of the amounts cut. Upon the record we would conclude as did the special master that the salaries of the debtor's employees were cut in half with a moral obligation upon the debtor's part to restore such cuts if the future state of the business warranted it. The debtor's business got worse instead of better; the debtor sought relief in a court of bankruptcy; and the moral obligation ceased to exist.

The order of the court below expunging the claims of the appellants is affirmed.

CLARK, Circuit Judge, took no part in the decision in this case.